1  IAN K. BAUSBACK (CA SBN 299249)
   IBausback@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California  94105-2482
   Telephone:    415.268.7000
4  Facsimile:    415.268.7522

5  GREGORY B. KOLTUN (CA SBN 130454)
   GKoltun@mofo.com
6  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
7  Los Angeles, California  90017-3543
   Telephone:    213.892.5200
8  Facsimile:    213.892.5454

9  Attorneys for Defendant
   UNITED PARCEL SERVICE, INC.

10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                       OAKLAND DIVISION

14

15  BOBBY S. OKOWA,                          Case No.

16              Plaintiff,                   **NOTICE OF REMOVAL OF ACTION**

17        v.                                 (FEDERAL QUESTION, AND
                                             DIVERSITY JURISDICTION)
18  UNITED PARCEL SERVICE, INC.; AKEEM
    BAILEY; and DOES 1 to 20,                Removed From the Superior Court of
19                                           California, County of Alameda
              Defendants.
20                                           Case No. RG18931721

21

22

23

24

25

26

27

28

PLEASE TAKE NOTICE that Defendant United Parcel Service, Inc. ("UPS") hereby removes this case from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California.

**JURISDICTION**

This Court has jurisdiction over this action on the basis of federal common law, 28 U.S.C. § 1331, on the basis of federal question jurisdiction pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and diversity of citizenship pursuant to 28 U.S.C. § 1441 (b).

In support of its Notice of Removal, UPS alleges as follows:

1.     On December 11, 2018, Plaintiff Bobby Okowa commenced an action in California Superior Court for the County of Alameda, Case No. RG18931721.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon UPS in the action, are attached to this notice collectively as Exhibit 1.

2.     UPS has not pleaded, answered, or otherwise appeared in the action in the California Superior Court for the County of Alameda.

3.     UPS was served with the summons and complaint in this action no earlier than December 14, 2018.  This notice is therefore timely under 28 U.S.C. § 1446(b).

4.     The Complaint alleges a negligence cause of action against UPS arising from alleged loss or delay of prescription medication shipments sent via UPS.  The complaint seeks general damages, according to proof, as an unlimited civil case (exceeds $25,000).

5.     According to the Complaint, UPS contracts with a company called "Diplomat" to deliver prescription medications to customers, including Plaintiff.  (Compl. p. 4.)  The Complaint alleges that on or about July 5, 2018—as well as on July 10, 2018, March 10, 2017, August 22, 2017, and September 9, 2017—UPS and UPS's drivers failed to deliver Plaintiff's medication (Sprycel) to the proper address, which he relies on to treat his medical condition.  (*Id.*)  As a result of these actions, the Complaint further alleges that Plaintiff's medical condition was compromised due to UPS's "negligence in delivering the medication to unknown and unauthorized persons."  (*Id.*)  Plaintiff seeks damages for a variety of alleged injuries including

1  shock to the nervous system, past and future medical expenses, past and future wage loss, and

2  pain and suffering.  (*Id.*)

3      **I.      PLAINTIFF'S COMPLAINT IS REMOVABLE ON THE BASIS OF**
           **FEDERAL QUESTION JURISDICTION UNDER FEDERAL COMMON**
4          **LAW.**

5          6.      This Court has original, federal question jurisdiction over this action on the basis

6  of federal common law.  Plaintiff's Complaint attempts to allege a claim for relief against UPS

7  arising from the purported loss of an interstate shipment of prescription medication.  (*See id.*)

8  UPS is informed and believes that the instant action is premised on the alleged shipment of

9  property via airplane.

10         7.      Where a contract for air cargo transportation limits the carrier's liability, a

11 shipper's action seeking to hold the carrier liable for a lost, damaged, or delayed shipment is

12 governed by and arises under federal common law, and is therefore removable on that basis.  The

13 contracts of carriage and limitations of liability of an air carrier (including a motor carrier

14 affiliated with a direct air carrier through common controlling interest) are governed exclusively

15 by federal common law.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184-85 (9th

16 Cir. 2002) (claims involving limited liability provision against air common carrier arise under

17 federal common law); *Read-Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1195-97

18 (9th Cir. 1999) ("federal common law applies to the carriage contract of an air carrier"); *SVT v.*

19 *Fed. Express Corp.*, No. C-94-3057 MHP, 1997 WL 285051, at *5 (N.D. Cal. May 19, 1997),

20 *aff'd*, 156 F.3d 1238 (9th Cir. 1998); *Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Sys.,*

21 *Inc.*, 235 F.3d 53, 59 (2d Cir. 2000) ("federal common law continues to control the issue of

22 liability of air carriers for lost or damaged shipments even after deregulation"); *Sam L. Majors*

23 *Jewelers v. ABX, Inc.*, 117 F.3d 922, 923-29 (5th Cir. 1997) (cited with approval in *Read-Rite*,

24 186 F.3d at 1195); *Husman Constr. Co. v. Purolator Courier Corp.*, 832 F.2d 459, 462 (8th Cir.

25 1987) (applying federal common law to claim against air carrier for late delivery); *N. Am. Phillips*

26 *Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 232 (2d Cir. 1978) ("[T]he statutory mandate of

27 uniformity must . . . apply to the liabilities which attend the carriage of goods."); *McCall-Thomas*

28 *Eng'g Co. v. Fed. Express Corp.*, 81 F.3d 28, 30 n."*" (4th Cir. 1996) ("Claims involving

1  shipments in interstate commerce by air carriers are governed by federal law."); *Apartment*

2  *Specialists, Inc. v. Purolator Courier Corp.*, 628 F. Supp. 55, 57-59 (D.D.C. 1986) (applying

3  federal common law to plaintiff's action seeking recovery for delayed delivery), *aff'd mem.*,

4  804 F.2d 153 (D.C. Cir. 1986).

5          8.      Federal common law specifically governs the validity of a contractual limitation of

6  liability for damages allegedly arising from an interstate shipment transported by air.  *See, e.g.,*

7  *Wayne*, 294 F.3d at 1184-85; *Deiro v. American Airlines, Inc.*, 816 F.2d 1360, 1365 (9th Cir.

8  1987); *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Great Western Airlines, Inc.*, 767 F.2d 425, 427

9  (8th Cir. 1985).  Thus claims, such as Plaintiff's claim in this action, seeking to hold UPS liable

10  for damages allegedly arising from shipments across air lines necessarily arise under federal

11  common law.  *See, e.g., Read-Rite Corp.*, 186 F.3d at 1195 ("[F]ederal common law applies to

12  loss of or damage to goods by interstate common carriers by air."); *Sam L. Majors Jewelers*, 117

13  F.3d at 923-29; *N. Am. Phillips*, 579 F.2d at 233-34.

14          9.      Claims that arise under federal common law are properly removed to federal court

15  pursuant to 28 U.S.C. § 1331.  *See Otterson v. Fed. Express Corp.*, No. CIV. 07-1274-PK, 2009

16  WL 536280, at *7 (D. Or. Mar. 3, 2009) ("Because [Plaintiff] seeks a remedy for the loss of

17  goods shipped via an interstate air carrier, and because the only remedy available for such loss is

18  under the federal common law, [Plaintiff's] claims are best construed as inherently federal, giving

19  rise to federal question jurisdiction pursuant to the artful pleading doctrine."); *Sam L. Majors*

20  *Jewelers*, 117 F.3d at 923-29 (same); *Downey v. Fed. Express Corp.*, No. C-92-4956 MHP, 1993

21  WL 463283, at *5 n. 1 (N.D. Cal. Oct. 29, 1993) (same); *N. Am. Phillips*, 579 F.2d at 233-34

22  (claim against air carrier was based on the loss of goods during interstate transportation by

23  common carrier and therefore arose under federal law); *Angela Cummings, Inc. v. Purolator*

24  *Courier Corp.*, 670 F. Supp. 92, 93-94 (S.D.N.Y. 1987).

25          10.     According to UPS's records, UPS transported packages for Plaintiff by air

26  transportation.  Thus, Plaintiff's claims, to the extent they implicate shipments that UPS

27  transported by air, arise under federal common law and are subject to this Court's jurisdiction as

28  such.

1

2

## II.   PLAINTIFF'S COMPLAINT IS ALSO REMOVABLE ON THE BASIS OF FEDERAL QUESTION JURISDICTION UNDER THE CARMACK AMENDMENT TO THE INTERSTATE COMMERCE ACT.

3

4

5

6

7

8

9

10

11

12

11.     This Court has also has original jurisdiction over this action pursuant to 28 U.S.C. § 1337 (Acts of Congress regulating commerce).  On information and belief, Plaintiff's claim seeks damages arising from the alleged loss of or misdelivery of interstate shipments via a motor carrier, in an amount exceeding $10,000 per receipt; the claims are thus completely preempted by the Carmack Amendment to the Interstate Commerce Act. 49 U.S.C. § 14706; *see, e.g.*, *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) ("We hold that the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property.").  Such claims may be properly removed to federal court. *Id.* at 689 ("Because Hall's completely preempted contract claim presents a federal question, the district court properly denied Hall's motion to remand.").

13

14

15

16

17

18

19

20

21

22

23

12.     The Supreme Court has held that the Carmack Amendment exclusively governs claims arising from alleged failures of motor carriers' interstate transportation and delivery service obligations and occupies the field of shippers' remedies and carriers' liability arising from interstate shipments.  *See, e.g.*, *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913). The application of federal law is necessary to achieve Congress's goal of national uniformity with respect to the interstate transportation of goods.  *See New York, New Haven & Hartford R.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953); *Read-Rite Corp.*, 186 F.3d at 1197.  Claims arising from a motor carrier's alleged delivery-related failures are completely preempted by the Carmack Amendment, which embraces "*all* losses resulting from *any* failure to discharge a carrier's duty as to *any part of the agreed transportation which, as defined in the Federal Act, includes delivery*." *Georgia, Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916) (emphasis added).

24

25

26

27

28

13.     To the extent Plaintiff's claims arise from alleged failure of UPS to deliver interstate shipments, Plaintiff's claims are thus properly removed to this Court.  *See, e.g. Great N. Ry. Co. v. Galbreath Cattle Co.,* 271 U.S. 99, 102 (1926) (state-law action properly removable as arising under the Carmack Amendment); *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008) ("[t]he Carmack Amendment is a federal statute that provides the exclusive

1    cause of action for interstate shipping contract claims, and it completely preempts state law

2    claims alleging delay, loss, failure to deliver and damage to property"); *Moffit v. Bekins Van*

3    *Lines, Co.*, 6 F.3d 305, 306-07 (5th Cir. 1993) (affirming summary judgment for carrier on state-

4    law claims that had been removed on the basis that Carmack Amendment "controlled the parties'

5    relationship and their rights in connection with the move of the goods"); *Intech, Inc. v.*

6    *Consolidated Freightways, Inc.*, 836 F.2d 672, 673 (1st Cir. 1987) (district court judgment

7    affirmed following removal under Carmack Amendment); *Bear MGC Cutlery Co. v. Estes*

8    *Express Lines, Inc.*, 132 F. Supp. 2d 937, 947 (N.D. Ala. 2001) ("Carmack Amendment

9    completely preempts state law so as to give the court removal jurisdiction").

10         14.    For the reasons stated above, the action arises under federal law, and is therefore

11   within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1337 (Acts of Congress

12   regulating commerce).

13         **III.    ALTERNATIVELY, PLAINTIFF'S COMPLAINT IS REMOVABLE ON
                     THE BASIS OF DIVERSITY JURISDICTION.**

14

15         15.     UPS is informed and on that basis believes that Plaintiff is a citizen of California.

16         16.    Defendant UPS is, and at the time of the filing of the complaint was, a citizen of

17   Ohio, where it is incorporated, and of Georgia, where it has its principal place of business.

     United Parcel Service, Inc. has never been, and is not presently, a citizen of the State of

18   California.

19         17.    Defendant Akeem Bailey is a "sham" defendant who must be ignored for the

20   purposes of determining diversity jurisdiction.  The allegations against Defendant Bailey are

21   sparse.  The Complaint alleges that Defendant Bailey was the UPS driver that "negligently

22   delivered Plaintiff's medication (Sprycel) to persons unknown to Plaintiff and unauthorized to

23   accept delivery."  (Compl. p. 4.)

24         18.    Where "the plaintiff fails to state a cause of action against a resident defendant,

25   and the failure is obvious according to the settled rules of the state, the joinder of the resident

26   defendant is fraudulent and the defendant may be disregarded for the purpose of determining

27   diversity jurisdiction."   *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)

28

1    (internal citations omitted); *Williams v. Wyndham Vacation Ownership*, No. 13-cv-05088-WHO,

2    2014 WL 457835, at *3 (N.D. Cal. Jan. 31, 2014) (a district court "may disregard a non-diverse

3    party named in the state court complaint . . . if the non-diverse party is joined as a sham or if the

4    joinder is fraudulent."); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998)

5    (finding two defendants were "sham" defendants for removal purposes where plaintiff had not

6    "spelled out a cause of action against them under California law.")

7         19.    Plaintiff's allegations against Defendant Bailey obviously fail to state a claim

8    under California law, because an employee is not liable where the plaintiff only alleges a

9    contractual obligation owed by the employer.  As the California Supreme Court held in *United

10   States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970), employees "are not

11   responsible to third persons for negligence amounting merely to nonfeasance, to a breach of duty

12   owing to the corporation alone; the act must also constitute a breach of duty owed to the third

13   person."  *See also id.* ("Liability imposed upon agents for active participation in tortious acts of

14   the principal have been mostly restricted to cases involving physical injury, not pecuniary harm,

15   to third persons"); *Grosvenor Props. Ltd. v. Southmark Corp.*, 896 F.2d 1149, 1554 (9th Cir.

16   1990) (holding that a "corporations' employees owe no independent fiduciary duty to a third

17   party with whom they deal on behalf of their employer.")  An employee acting within the scope

18   of his duties is not personally liable for his actions and his joinder does not defeat diversity

19   jurisdiction.  *See Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1090 (E.D. Cal.

20   2010) (plaintiff could not defeat diversity jurisdiction by asserting personal liability for

21   negligence against defendant's employee); *Self-Insurers' Sec. Fund v. ESIS, Inc.*, 204 Cal. App.

22   3d 1148, 1161 (1988) (same); *Slottow v. Am. Cas. Co. of Reading, Pa.*, 10 F.3d 1355, 1359-60

23   (9th Cir. 1993) (finding that the "mere fact" that an employee "signed agreements in the ordinary

24   course of his duties" was not enough to "convert his actions into the type of personal direction or

25   participation in the tort . . . .")

26        20.    Because Plaintiff  is a citizen of the State of California and Defendants (other than

27   Defendant Bailey) are citizens of the States of Delaware and Georgia, complete diversity has

28

existed and continues to exist between Plaintiff and the non-sham Defendants both at the time the state court action was filed and at the time of removal to this Court.

21.     Furthermore, the Complaint seeks general damages for "shock to his nervous system, past medical expenses, past wage loss, future wage loss . . . including but not limited to pain and suffering," all according to proof.  (Compl. p. 4.)  Because the damages Plaintiff seeks to recover are plainly in excess of $75,000, this Court can exercise diversity jurisdiction.

22.     For the reasons stated above, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Accordingly, this action is removable pursuant to 28 U.S.C. §1441(b).

**IV.     THE CONSENT OF DEFENDANT AKEEM BAILEY IS NOT REQUIRED.**

23.     On information and belief, Defendant Akeem Bailey has not yet been served. Because Bailey has not yet been served, his consent is not required for removal of this action. *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th. Cir. 2009).

**V.     INTRADISTRICT ASSIGNMENT AND PROCEDURAL REQUIREMENTS.**

24.     This Action is properly removable to the United States District Court for the Northern District of California, Oakland Division, because the Superior Court of California, County of Alameda, in which this Action was commenced, lies within the Oakland Division.

25.     Counsel for UPS certifies that a copy of this Notice of Removal is being filed with the Clerk of the California Superior Court for the County of Alameda.

26.     Counsel for UPS certifies that it will promptly serve a copy of this Notice on counsel for Plaintiff and for the other defendants in this action, and that it will file a copy of this Notice with the Clerk of the Superior Court of California, County of Alameda, pursuant to 28 U.S.C. § 1446(d).

27.     WHEREFORE, Defendant UPS gives notice that the above-described action pending against it in California Superior Court for the County of Alameda is removed to this Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  January 11, 2019                    MORRISON & FOERSTER LLP


By:   /s/ *Gregory B. Koltun*
      Gregory B. Koltun

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.